

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/10/2013

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 12-37497 |
| VIET QUOC NGUYEN | § § | CHAPTER 7 |
| Debtor(s). | § § | JUDGE ISGUR |
| | § § | |
| VIET QUOC NGUYEN | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 13-03002 |
| WELLS FARGO HOME MORTGAGE | § § § | |
| Defendant(s). | § | |

### MEMORANDUM OPINION

Wells Fargo's Motion for Summary Judgment, (ECF No. 15), is denied.

Nguyen's cause of action for negligent misrepresentation is dismissed for lack of standing.[1]

### Facts[2]

Plaintiff Viet Quoc Nguyen and Phung Vu are husband and wife and previously owned a home at 1112 Missouri St., South Houston, Texas 77587. This real property had a mortgage and was secured by a deed of trust to Wells Fargo Home Mortgage. As of the petition date, the home was appraised for tax purposes at $110,286.00. Nguyen owed Wells Fargo just under

---

[1] As stated below, the Court believes that all parties acknowledged and agreed to this at the February 14, 2013 hearing.

[2] A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). This factual section is taken primarily from Nguyen's complaint, unless there is contradictory evidence.

$80,000.00 in principal on September 4, 2012. (ECF No. 20 at 2).

At all relevant times, Nguyen resided at the 1112 Missouri Street residence. Nguyen received notice from Wells Fargo in late August 2012 that the property would be foreclosed upon if Nguyen failed to remit arrearages in the amount of $6,405.56.

Nguyen erroneously sent Wells Fargo a personal check for this amount, a method of payment not accepted by Wells Fargo. Nguyen spoke with Wells Fargo on several subsequent occasions and was told on each occasion that the payment was being processed.

On September 4, 2012, Wells Fargo foreclosed on the property. Wells Fargo was the successful purchaser with a bid of $91,161.24 for the property.

On October 2, 2012, Nguyen filed a voluntary petition for relief under chapter 7. (Case No. 12-37497, ECF No. 1). Nguyen seeks to avoid the foreclosure sale under § 547, arguing that Wells Fargo (as transferee) received more via the judicial foreclosure sale than it would have received in a hypothetical chapter 7 case in which the prepetition transfer did not occur.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[3] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence

---

[3] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

### I. Standing

Nguyen lacks standing to bring the negligent misrepresentation cause of action, but does not lack standing to bring the § 547 cause of action.

At the February 14, 2013 hearing, the Court ruled that Nguyen did not own the cause of action seeking affirmative relief for negligent misrepresentation. When Nguyen filed for bankruptcy, all of his legal and equitable interests (including the alleged cause of action against Wells Fargo for prepetition negligent misrepresentation) became property of the bankruptcy estate. 11 U.S.C. § 541(a). Nguyen did not schedule a cause of action against Wells Fargo seeking affirmative relief for negligent misrepresentation. When the Trustee abandoned the assets of the estate, this asset was not abandoned back to Nguyen as it had not been declared. *See*

*Love v. Tyson Foods, Inc.*, 677 F.3d 258, 269 (5th Cir. 2012) ("If property was not properly scheduled by the debtor, it is not automatically abandoned at the end of the case. . . . Even after the case is closed, the estate continues to retain its interest in unscheduled property.") (quoting *Collier on Bankruptcy* ¶ 554.03 (16th ed. 2011)).  Nguyen acknowledged this fact at the February 14, 2013 hearing and accepted this ruling.[4]

Nguyen has standing to bring the § 547 cause of action pursuant to § 522(h).  Section 522(h) allows a debtor to avoid a transfer of exempt property if the trustee could have avoided the transfer under § 547 (among other sections) and the trustee does not do so.  Both of those requirements are met in this situation.

## II.   Wells Fargo's 12(b)(6) Motion

Nguyen has stated a cause of action for which relief may be granted by alleging that Wells Fargo is the transferee of a § 547 preferential transfer.

Nguyen has alleged facts, along with evidentiary support for such facts, to prevail on a § 547 preferential transfer claim.  The Court does not understand Wells Fargo's argument to the contrary.  The only element of a preferential transfer that appears to be at issue is § 547(b)(5)—that a creditor (here Wells Fargo) received more via the preferential transfer than the creditor would have in a chapter 7 case.

Nguyen alleges, and Wells Fargo agrees, that the property was appraised for tax purposes at $110,286.00.  (ECF No. 1 at 3).  Wells Fargo agrees that this is correct.  (ECF No. 9 at 2).

Nguyen alleges that the principal amount of the debt owed at the time of foreclosure was less than $80,000.00, and thus that Wells Fargo would not have received more than the amount of the debt in a chapter 7 case.  (ECF No. 1 at 3).  Wells Fargo disagrees, and points to the fact

---

[4] That Nguyen amended his schedules to include the § 547 preference action but not the action for negligent misrepresentation is further evidence of this fact.

that it bid $91,161.24 at the foreclosure sale. (ECF No. 15 at 9). Whether or not this was a credit bid is a disputed issue of fact. Even taking the larger figure as a credit bid, these facts constitute some evidence that Wells Fargo received more via the foreclosure sale than it would have in a case under chapter 7 (i.e., through a sale, not necessarily an auction or foreclosure process, conducted by a chapter 7 trustee in an orderly manner).

This ruling implicitly rejects Wells Fargo interpretation of the Supreme Court's *BFP v. Resolution Trust Corp.* opinion. If *BFP*'s reasoning applied to § 547(b)(5), then Nguyen (who does not allege improprieties in the foreclosure procedure) would not have alleged facts sufficient to state a claim for which relief may be granted. The reasoning behind the Court's rejection of Wells Fargo's interpretation is set out in more detail below.

### III. Wells Fargo's Motion for Summary Judgment

As the Court understands Wells Fargo's Rule 56 Motion for Summary Judgment as to the § 547 preferential transfer cause of action, there are three primary arguments: (i) this Court's *Villarreal* opinion was incorrectly decided; (ii) the facts of this case are materially distinguishable from *Villarreal*; and (iii) judicial estoppel prevents Nguyen from prosecuting this cause of action. These arguments are not persuasive.

#### a. Revisiting *Villarreal*

This Court previously addressed the applicability of § 547(b) preferential transfers to prepetition foreclosure sales. *In re Villarreal*, 413 B.R. 633 (Bankr. S.D. Tex. 2009). The Court specifically addressed whether the transferee of a foreclosure sale might receive more than they would in a case under chapter 7 (i.e., the § 547(b)(5) element) in light of the Supreme Court's *BFP v. Resolution Trust Corp.* opinion. *In re Villarreal*, 413 B.R. at 640 (holding that *BFP*'s analysis was not applicable as the plain language of § 547 was materially different than § 548,

which was at issue in *BFP*). Additionally, the Court addressed the *stare decisis* effect of opinions of the United States District Court for the Southern District. *In re Villarreal*, 413 B.R. at 640 (adopting the majority view that bankruptcy courts, as units of district courts, are not bound by the decisions of district courts—but that great deference should be shown).

Much of Wells Fargo's Motion for Summary Judgment is simply an argument that *Villarreal* was incorrectly decided as to one or more of the above issues. (ECF No. 15 at 5-7). However, Wells Fargo does not put forth any new arguments or cite to any new controlling cases—other than making a passing reference to *Stern v. Marshall*.

### b. Distinguishing *Villarreal*

Wells Fargo attempts to distinguish the present case from *Villarreal*. (ECF No. 15 at 9). It is true that in *Villarreal* the difference between the amount of value received by the transferee in the foreclosure sale and the amount transferee would have received in a chapter 7 case was of a much greater magnitude ($3,250,000.00 to $100,000.00, for a difference of $3,150,000.00). 413 B.R. at 637. Although the magnitude is smaller in this case (and therefore it may be more difficult for Nguyen to prove the § 547(b)(5) element), there remains a genuine issue of material fact as to whether Wells Fargo received a greater amount via the foreclosure sale than it would have in a chapter 7 case.

### c. Judicial Estoppel

As stated at the February 14, 2012 hearing, Wells Fargo's judicial estoppel argument is not applicable to the § 547 cause of action.

Nguyen has always maintained that he owned the home and that Wells Fargo's foreclosure was unlawful. The Court finds that he has not taken inconsistent positions as to the § 547 cause of action.

In any event, judicial estoppel would be inapplicable.  Nguyen's standing for the § 547(b) hinges on § 522(h).  Section 522(h) allows a debtor to avoid a transfer of exempt property if the trustee could have avoided the transfer under § 547 (among other sections) and the trustee does not do so.  As the property sought to be avoided is exempt, Nguyen is the only potential beneficiary of this § 547 cause of action.  Therefore, Nguyen had no motive for concealing this claim from his creditors and, as noted by Wells Fargo, judicial estoppel is inapplicable where debtors lack a motive for concealing a claim.  *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012).

## Conclusion

The Court will enter an order in accordance with this Memorandum Opinion.

SIGNED **April 9, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE