

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/07/2014

| | | |
|---|---|---|
| IN RE: § | | |
| VIET QUOC NGUYEN § | CASE NO: 12-37497 | |
|    Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| VIET QUOC NGUYEN § | | |
|    Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 13-03002 | |
| § | | |
| WELLS FARGO HOME MORTGAGE § | | |
|    Defendant(s) § | | |

## MEMORANDUM OPINION

Wells Fargo's Second Motion for Summary Judgment is granted. (Case No. 13-3002, ECF No. 53). Plaintiff counsel's Motion to Withdraw as Counsel is moot. (ECF No. 55). Defendant's Motion to Strike Plaintiff's Response is moot. (ECF No. 56).

### Facts

Plaintiff Viet Quoc Nguyen and Phung Vu previously owned a home at 1112 Missouri St., South Houston, Texas, 77587. This real property served as security for a promissory note to Wells Fargo Home Mortgage. As of September 4, 2012, the total secured debt owed by Plaintiff to Wells Fargo was $91,161.24. (ECF No. 53 at 10).

At all relevant times, Nguyen resided at the 1112 Missouri St. residence. Nguyen received notice from Wells Fargo in late August 2012 that the property would be foreclosed if Nguyen failed to remit arrearages in the amount of $6,405.56.

Nguyen erroneously sent Wells Fargo a personal check for this amount, a method of payment not accepted by Wells Fargo. Nguyen spoke with Wells Fargo on several subsequent occasions and was told on each occasion that the payment was being processed.

On September 4, 2012, Wells Fargo foreclosed on the property. Wells Fargo was the successful purchaser with a credit bid of $91,161.24 for the property. Wells Fargo retained an expert, Mr. Coole, who has prepared an appraisal that states that the property was worth, at most, $86,000.00 as of the petition date. (ECF No. 53 at 8). The Harris County Appraisal District valued the property at $110,286.00 for tax years 2012 and 2013. (ECF No. 53-5 at 3).

Nguyen seeks to avoid the foreclosure sale under § 547, arguing that Wells Fargo (as transferee) received more via the judicial foreclosure sale than it would have received in a hypothetical chapter 7 case in which the prepetition transfer did not occur.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record,

showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

The Court denied Wells Fargo's first Motion for Summary Judgment, finding that there was a genuine issue of material fact as to "whether [Wells Fargo] received more via the preferential transfer than [it] would have in a chapter 7 case." (ECF No. 22 at 7). Plaintiff previously alleged that Harris County's $110,286.00 appraisal value reflected the property's true market value. If true, then Wells Fargo received $110,286.00 on its $91,161.24 in debt. This excess value formed the basis of the preference claim against Wells Fargo.

However, the Plaintiff now takes the position that the $91,161.24 amount paid at the foreclosure sale is the fair market value of the property as of the time of the petition date.[2] Moreover, in Wells Fargo's Declaration in Support of Summary Judgment, Michael Dolan states that Wells Fargo's credit bid of $91,161.24 represents the total secured debt owed to Wells Fargo as of the foreclosure date. (ECF No. 53-6). Based on Plaintiff's valuation, the value of the property is no more than the total secured debt. Wells Fargo would be entitled to full payment of

---

[2] (ECF No. 54 at 2) ("Based on record of the sale of the property on September 4, 2012, Wells Fargo actually received $91,161.24 from the foreclosure (see attached Exhibit A). This figure is presumed to be the closest fair market value of the property around the Petition's date.").

its secured debt in a Chapter 7 proceeding. Therefore, it did not receive more via the foreclosure sale than it would have in a chapter 7 case.

The only expert valuation evidence presented to the Court[3] is the Coole appraisal . (ECF No. 53-5). Mr. Coole used two methods for valuation: (i) under the cost approach, Mr. Coole valued the property at 86,052.00; (ii) under the direct sales comparison approach, Mr. Coole valued the property at $84,000.00. Under either approach, the value of the property is less than the total debt amount ($91,161.24).

Because Plaintiff cannot satisfy § 547(b)(5), Plaintiff's preference action fails as a matter of law. Accordingly, summary judgment is granted in favor of Wells Fargo.

### Conclusion

The Court will enter a separate judgment.

SIGNED **January 7, 2014.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[3] Plaintiff has neither designated experts nor produced an expert report. Plaintiff's deadline to retain experts expired on October 18, 2013. (Case No. 13-3002, ECF no. 43).